REAVLEY, Circuit Judge,
dissenting:
Two officers were invited into the motel room. They identified themselves and looked around. One of them saw a checkbook in the wastebasket; he picked it up and handed it to the other officer. The other officer then obtained a written consent to search the room. The trial judge found no constitutional violation in the initial retrieval of the checkbook from the wastebasket. I agree.
The officers did not at the outset speak of a “search,” but they looked around at the contents of the room and encountered no objection. A reasonable officer would have concluded that the invitation from the oceu-pants and the acceptance of their conduct allowed their movement and survey. Cf. U.S. v. Rich, 992 F.2d 502, 505 (5th Cir.1993). The retrieval of the checkbook from the trash was not an abuse of the manifested consent of the occupants. The reasonableness of that view of the scope of the permission allowed the officers was confirmed by the prompt affirmative response to their inquiry about a “search.”
If the conduct of the officers was reasonable to that point, all of the other arguments and questions fall away. I would affirm.